## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 04 2019, 8:40 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

William T. Myers
Whitehurst & Myers
Marion, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Courtney Staton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Nicholous L. Finton,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

December 4, 2019

Court of Appeals Case No.
19A-CR-960

Appeal from the Huntington
Superior Court

The Honorable Jennifer E.
Newton, Judge

Trial Court Cause No.
35D01-1812-F6-310

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Nicholous Finton (Finton), appeals his conviction for possession of methamphetamine, a Level 6 felony, I.C. § 35-48-4-6.1(a); domestic battery, a Level 6 felony, I.C. § 35-42-2-1.3(b)(1); and possession of paraphernalia, a Class C misdemeanor, Ind. Code § 35-48-4-8.3(b).

We affirm.

# ISSUE

Finton raises one issue on appeal which we restate as: Whether there was sufficient evidence to support Finton's two possession convictions beyond a reasonable doubt.

# FACTS AND PROCEDURAL HISTORY

Around Thanksgiving of 2018, Finton moved into his girlfriend's, Casey Fisher (Fisher), apartment in Huntington, Indiana. On December 26, 2018, at around 2:00 a.m., Finton was searching for his methamphetamine, and "he was blaming [Fisher] for hiding them because he couldn't find them." (Transcript p. 58). Fisher helped him look for the methamphetamine, and she eventually came across a pipe in the bathroom. Fisher went to bed while Finton went to the bathroom with the pipe.

When Fisher woke up that afternoon around 3:00 p.m., she noticed that all of her money and credit cards were missing from her wallet. Fisher went to the living room and confronted Finton, who was sitting on the couch, and an

argument ensued. Fisher left the apartment for about an hour to get a fountain drink, and, when she returned, she informed Finton that he had to move out of the apartment. Finton became angry, knocked the drink out of Fisher's hand, and threw her up against the bedroom wall. Finton then came up behind Fisher and "put [her] in a choke hold." (Tr. p. 63). The two eventually fell onto the bed, and Finton started "pushing [Fisher's] face into the mattress." (Tr. p. 64). After Finton released Fisher from his hold, Fisher went to a neighbor's home and called the police.

[6]     Fisher was waiting outside the apartment when Officer Darius Hillman (Officer Hillman) arrived. Officer Hillman knocked on the apartment door and told Finton to come outside. Finton eventually opened the apartment door and let Officer Hillman inside. Officer Hillman noticed that Finton was intoxicated because he was sweating profusely, had dilated pupils, and could not stand still. Upon entering the apartment, Officer Hillman placed Finton in handcuffs and conducted a pat down of his person. Officer Hillman then noticed an open tin with a glass pipe and hollowed-out pen tubes sitting in plain view in the living room, which prompted Officer Hillman to place Finton in the back of his police vehicle and ask Fisher for consent to search the apartment. After Fisher signed a Consent to Search of Premises form, Officer Hillman took pictures of the living room and Fisher's injuries. Officer Hillman then collected the glass pipe and pen tubes with residue on them as evidence, which later tested positive for methamphetamine. In the bedroom, Officer Hillman looked inside Fisher's

dresser drawer and found a foil ball and a hollowed-out pen tube with a residue on it. Fisher was transported to the hospital and Finton was taken into custody.

[7] On December 27, 2018, the State filed an Information, initially charging Finton with strangulation, a Level 6 felony; domestic battery with a prior conviction, a Level 6 felony; and possession of paraphernalia, a Class C misdemeanor. On February 15, 2019, the State filed another Information, charging Finton with possession of methamphetamine, a Level 6 felony. On March 7, 2019, a jury trial was conducted. During the trial, Fisher testified that Finton "usually sat in the corner of the couch" and was sitting on the couch in the living room when she confronted him about her missing money and credit cards. (Tr. p. 61). During her testimony, Fisher also admitted that both she and Finton used the pipe and the hollowed-out pens, but that Finton used them more. At the close of the evidence, Finton was found guilty of possession of methamphetamine, possession of paraphernalia, and domestic battery as a Class A misdemeanor. Finton admitted to having a prior conviction for domestic battery, enhancing his battery conviction to a Level 6 Felony. On April 2, 2019, Finton was sentenced to two years in Indiana Department of Correction and ordered to pay restitution of $3,395.33 for Fisher's medical bills.

[8] Finton now appeals. Additional facts will be provided as necessary.

# DISCUSSION AND DECISION

[9] Our standard of review with regard to sufficiency claims is well-settled. In reviewing a sufficiency of the evidence claim, this court does not reweigh the

evidence or judge the credibility of the witnesses. *Agilera v. State*, 862 N.E.2d 298, 306 (Ind. Ct. App. 2007) *trans. denied*. We will consider only the evidence most favorable to the judgment and the reasonable inferences drawn therefrom and will affirm if the evidence and those inferences constitute substantial evidence of probative value to support the judgment. *Id*. A conviction may be based upon circumstantial evidence alone. *Id*. Reversal is appropriate only when reasonable persons would not be able to form inferences as to each material element of the offense. *Abney v. State*, 822 N.E.2d 260, 264 (Ind. Ct. App. 2005).

[10] Finton asserts that there was insufficient evidence to support his conviction for possession of methamphetamine and possession of paraphernalia. He bases this assertion on the incorrect assumption that his charges stemmed from the paraphernalia and methamphetamine — the foil ball with residue on it — found in the dresser drawer in the bedroom. For Finton's conviction, however, the State relied only on evidence of the living room drugs at trial and in its argument. These were the only items tested and submitted as evidence during the trial. Since Finton's conviction was based on those items, our review is limited to those items.

[11] A person who, without a valid prescription or order of a practitioner acting in the course of the practitioner's professional practice, knowingly or intentionally possesses methamphetamine (pure or adulterated) commits possession of methamphetamine, a Level 6 felony. I.C. § 35-48-4-6.1(a). A person who knowingly or intentionally possesses an instrument, a device, or another object

that the person intends to use for introducing into the person's body a controlled substance commits possession of paraphernalia, a Class C misdemeanor. I.C. § 35-48-4-8.3(b)(1). Since no paraphernalia or methamphetamine was found on Finton's person, the State was required to establish that Finton had constructive possession of the contraband. "Constructive possession occurs when a person has: (1) the capability to maintain dominion and control over the item; and (2) the intent to maintain dominion and control over it." *Canfield v. State*, 128 N.E.3d 563, 572 (Ind. 2019).

[12] The capability element of constructive possession is met when the State shows that the defendant is able to reduce the contraband to the defendant's personal possession. *Id*. The proof of a possessory interest in the premises on which illegal drugs are found is adequate to show the capability to maintain dominion and control over the items in question. *Cannon v. State*, 99 N.E.3d 274, 279 (Ind. Ct. App. 2018), *trans. denied*. Finton lived in Fisher's apartment where the contraband was found. Therefore, he had access to the contraband and was able to possess it. This satisfies the capability element.

[13] The intent element of constructive possession is shown by the defendant's knowledge of the presence of the contraband. *Canfield*, 128 N.E.3d at 572. Knowledge can be demonstrated through exclusive or non-exclusive dominion and control over the premises that houses the contraband. *Id*. When, as here, possession of the premises is non-exclusive, the inference can only be made through additional circumstances which indicate the knowledge of the presence

of the contraband and the ability to control it. *Id*. "These additional circumstances may include: (1) a defendant's incriminating statements; (2) a defendant's attempting to leave or making furtive gestures; (3) the location of contraband, [ ] such as drugs, in settings suggesting manufacturing; (4) the item's proximity to the defendant; (5) the location of contraband within the defendant's plain view; and (6) the mingling of contraband with other items the defendant owns." *Id*. at 572-73.

[14] In this case, the contraband was found near a place Finton usually sits and within close proximity of some of his belongings. During Finton's formal interview with Officer Hillman, Finton stated he had been living with Fisher for a month and that "he isolates himself in [the] corner of the couch next to his laptop." (Tr. p. 105). When Officer Hillman first noticed the contraband, he observed that it was located next to a black end table with Finton's laptop on it at the end of the couch. This was the specific area that Finton said he isolates himself, and it was in close proximity to his laptop. During Fisher's testimony, she identified a photograph of a basket in the living room "that [she] asked [Finton] to start putting his stuff in cause [sic] [she] was tired of cleaning up after him." (Tr. p. 66). This basket was located on the floor next to the corner of the couch that Finton usually sits on. It was also the basket where the tin full of paraphernalia was found. When Fisher was asked to identify the items in the tin during her testimony, she identified the pipe, the two hollowed-out pens, and "[Finton's] gum" as all being in the tin together. (Tr. p. 75). Fisher's testimony establishes Finton's items in close proximity to the contraband.

Given these additional circumstances, the fact-finder can infer that Finton had knowledge of the presence of the contraband and the ability to control it, thus proving the intent element of constructive possession. Therefore, the State established that Finton constructively possessed both methamphetamine and paraphernalia.

## CONCLUSION

[15] Based on the foregoing, we hold that the State did provide sufficient evidence beyond a reasonable doubt to support Finton's conviction for possession of paraphernalia and possession of methamphetamine.

[16] Affirmed.

[17] Vaidik, C. J. and Bradford, J. concur